# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| CLARENCE D. FISCHER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 3:13-CV-015-JVB |
| v. | ) | |
| | ) | |
| SHERIFF, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Clarence D. Fischer, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his conviction and eighteen-month sentence for being a habitual traffic violator imposed by the Miami Circuit Court under cause number 52C01-1210-FD-74. Before considering the merits of a habeas corpus petition, the court must ensure that the petitioner has exhausted his claims in the state courts as required by 28 U.S.C. § 2254(b)(1)(A).

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 276. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. *Boerckel*, 526 U.S. at 845. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid*.

*Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) (parallel citations omitted).

Here, Fischer was only sentenced on December 14, 2012, and he has not even attempted to appeal any of his claims to the Indiana Supreme Court. Thus, he has not exhausted any of his

claims. Because his claims are unexhausted, this case will be dismissed without prejudice so that he can present them in state court before seeking federal collateral review.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate under circumstances . . . where the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, Fischer was sentenced less than a month ago. The deadline for filing a direct appeal has not even expired. *See* Indiana Rule of Criminal Procedure 19 and Indiana Rule of Appellate Procedure 9.A.(1) (a notice of appeal must be filed within 30 days). Therefore none of the one-year period of limitation set forth in 28 U.S.C. § 2244(d) has expired. Thus, the dismissal of this petition will not end Fischer's chance of federal review after he exhausts his State court remedies.

As a final matter, pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As previously explained, Fischer has not exhausted any claims and a stay is unnecessary. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For the foregoing reasons the court **DISMISSES** this case **WITHOUT PREJUDICE**

pursuant to Section 2254 Habeas Corpus Rule 4 because the claims are unexhausted and

**DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11.

**SO ORDERED** on January 9, 2013.

           S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE